# IN THE COURT OF APPEALS OF IOWA

No. 13-1832
Filed October 15, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TAMRA SCHROCK,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

Tamra Schrock appeals her conviction for fourth-degree criminal mischief, asserting error in the district court's refusal to issue Schrock's requested spoliation jury instruction. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Michael J. Walton, County Attorney, and Elizabeth Cervantes and Robert Bradford, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Tamra Schrock appeals her conviction for fourth-degree criminal mischief, asserting error in the district court's refusal to issue Schrock's requested spoliation jury instruction.

**I. Factual and Procedural Background**

On June 26, 2013, Schrock was shopping at Wal-Mart. The method in which she was loading items into her cart caught the attention of an "asset protection associate" charged with loss prevention. Schrock pushed her cart out the front entrance of the store. Two asset protection associates immediately approached her. Schrock claimed to have gone outside to get mulch from the outdoors lawn and garden section of the store. She testified she had been walking east toward that department. One of the asset protection associates testified she had been walking north, directly to the parking lot. The other associate's testimony fluctuated between a recollection of Schrock going either north or east. The associates called law enforcement, and Schrock was arrested for shoplifting.

The store had video recordings of the incident, including video of Schrock inside and outside the store. However, the State did not request that footage or present it at trial. Because the State did not request the footage from the store, it was erased as part of Wal-Mart's sixty-day neutral record-destruction policy. Schrock claims the footage would have been exculpatory by showing she was headed for the lawn and garden section of the store rather than trying to steal the items in her cart by taking them to her car.

At trial, Schrock requested a spoliation jury instruction, claiming the exculpatory recorded footage was intentionally abandoned by the State so that it would be destroyed and could not be used at trial. The district court refused to give the instruction. Schrock was convicted. She now appeals, asserting error in the court's refusal to instruct the jury on spoliation of evidence.

**II. Scope and Standard of Review**

We review a district court's refusal to instruct a jury on the spoliation inference for correction of errors at law. *State v. Hartsfield*, 681 N.W.2d 626, 631 (Iowa 2004).

**III. Discussion**

Spoliation is the intentional destruction of evidence. *State v. Langlet*, 283 N.W.2d 330, 333 (Iowa 1979). A jury instruction on spoliation of evidence is "a direction to the jury that it could infer from the State's failure to preserve [evidence] that the evidence would have been adverse to the State." *State v. Vincik*, 398 N.W.2d 788, 795 (Iowa 1987).

A spoliation instruction must be given when there is substantial evidence to support four facts about the evidence in question: "(1) the evidence was 'in existence'; (2) the evidence was 'in the possession of or under control of the party' charged with its destruction; (3) the evidence 'would have been admissible at trial'; and (4) 'the party responsible for its destruction did so intentionally.'" *Hartsfield*, 681 N.W.2d at 630 (quoting *Langlet*, 283 N.W.2d at 335). If "a jury could appropriately deduce . . . the adverse fact sought to be inferred[,] . . . the

trial court does not have discretion[1] to refuse a spoliation instruction." *Id.* at 630–31.

The parties agree there is substantial evidence supporting the first and third prongs of the test. They disagree regarding the evidence supporting the second and fourth. Schrock argues there is substantial evidence that the State exercised control over the recording because it was within its purview to preserve the evidence by requesting it from Wal-Mart or to indirectly destroy the evidence by electing not to request it, which would result in its routine deletion.[2] She further argues there is substantial evidence the State intentionally destroyed the recording by intentionally failing to prevent its deletion.[3]

There is some precedent supporting Schrock's contentions. In *Hartsfield*, our supreme court held that the fourth prong of the test—intentional destruction—was satisfied when the State "knowingly allowed the recording to be destroyed." *Id.* at 633. Though the State did not proactively erase the recording, its knowing

---

[1] If the defendant has sufficiently created a question for the jury of each of the necessary elements of spoliation, the district court has no discretion to withhold the requested instruction; we therefore do not review for an abuse of discretion. *Hartsfield*, 681 N.W.2d at 631. Prior to *Hartsfield*, we reviewed for abuse of discretion in spoliation instruction cases. *See Vincik*, 398 N.W.2d at 795; *Langlet*, 283 N.W.2d at 336. Our supreme court corrected this erroneous standard of review in *Hartsfield*, 681 N.W.2d at 630–31.

[2] The State asserts that it exercised no control over the recording because it did not possess the recording. However, the law contemplates the possibility that a party might exercise control over evidence without possessing it by referencing control and possession as distinct methods with which to satisfy the requirement.

[3] "Ordinarily evidence destroyed under a neutral record destruction policy is not considered intentionally destroyed so as to justify a spoliation instruction." *Hartsfield*, 681 N.W.2d at 632 (citing *State v. Bowers*, 661 N.W.2d 536, 543 (Iowa 2003)). However in this case, as in *Hartsfield*, the appellant argues that the neutral record destruction policy was purposefully relied upon to destroy the evidence, which constitutes an exception to the usual rule. *See id.* at 632–33.

failure to preserve the tape was sufficient to satisfy the fourth prong.[4] *Id.* This result was justified because the State had actual knowledge that the defendant had requested access to the tape in question. *Id.* at 632.

However, in the case before us, Schrock has presented no evidence that she requested the recording or that the State actually knew the recording existed or knowingly allowed it to be erased. Schrock instead prospectively relies upon a jury's intuition the State *should* have known there was a recording and *should* have known it would be destroyed. But optimistic reliance on a jury's possible assumptions does not satisfy the requirement of substantial evidence. It is true under *Hartsfield* that the State need not destroy the evidence itself, but it must nevertheless have had some knowledge that its inaction would result in the destruction of the evidence. Schrock has made no such showing here, so there was no evidence from which a jury could have deduced that the video recording was destroyed intentionally—directly *or* indirectly. The district court did not err by declining to give the requested jury instruction.

**AFFIRMED.**

---

[4] It is possible that, as a corollary to the *Hartsfield* decision, the second prong could be satisfied if the State knowingly elected not to take possession of the evidence in order to avail itself of the third-party possessor's neutral record destruction policy. Schrock characterizes the second prong in precisely such a manner in this case. However, since we find that the fourth prong is not satisfied, we need not determine whether that argument is valid to answer the issue before us.